## GIDEON STILES & another *vs.* THE WESTERN RAIL ROAD CORPORATION.

B. contracted with a rail road corporation to construct a section of the road, and afterwards underlet the section to C., D. and E. jointly, and not jointly and severally, and then C. underlet it to D. and E., who proceeded in the work for a short time, and then stopped: The corporation then assumed the work and finished it, and were sued by S. for articles furnished, under a contract with C. and D., for the completion of the work, and used by the corporation: S. released B. and C. from all liability for the articles, and introduced the testimony of D. in support of the claim.   *Held,* that D. was a competent witness.

Though a leading interrogatory to a deponent is objected to when it is filed, yet if the answer thereto shows that he was not led by it, or if the answer relate to matter proved *aliunde,* respecting which the party, who objects to the interrogatory, has given evidence, the interrogatory and answer may be read to the jury, on the return of the deposition.

ASSUMPSIT to recover pay for gunpowder, furnished by the plaintiffs, after March 1st 1840, and used in the construction of a part of the defendants' rail road.

The new trial, which was ordered in this case, (8 Met. 44–46,) was had in the court of common pleas, before *Colby,* J. when it appeared in evidence that a contract was made by the defendants and Josiah Baylies, for the construction by him of the 74th section of their road; that Baylies underlet this section to Stocking, Lord and Lard, jointly, and not jointly and severally, and that Stocking underlet it to Lord and Lard, who went on with the work until near the 1st of March 1840; that a difficulty then took place between Lord and Lard and their workmen. by reason of their neglect

Stiles & another *v.* Western Rail Road Corporation.

to pay the workmen's wages; in consequence of which the work was for a short time suspended. The plaintiffs offered evidence to prove that, while matters were in this state, the defendants, by Julius Adams, their authorized agent, entered upon, and assumed to finish, the work, and thereby became liable for the articles furnished by the plaintiffs; and this was the principal question submitted to the jury.

It appeared that the powder sued for was delivered by the plaintiffs, on a contract between them and Stocking and Lord, but that this contract was not for any particular quantity.

The plaintiffs offered the deposition of Lord, one of the abovementioned firm of sub-contractors. The defendants objected to the deponent's competency, on the ground of interest; and they relied upon the contract entered into be tween him and the said firm, on the one part, and the said Baylies, on the other, which was substantially the same as the contract between Baylies and the defendants. The plaintiffs had released Baylies and Stocking from all liability to them on account of the claim in suit. The judge ruled that the deponent was a competent witness, and the deposition was read to the jury.

In the plaintiffs' bill of particulars was a credit to the defendants of $200, dated June 12th 1840; and the defendants introduced evidence tending to show that this sum was paid at that time by Lord and Lard. For the purpose of explaining this payment, the plaintiffs offered to read the ninth interrogatory and answer, in Lord's deposition, they not having been read in chief, with the rest of the deposition, but being put in, as above stated, by way of rebutter — the defendants insisting upon the objection offered to the interrogatory, when it was filed. But the judge ruled that it might be read, and it was read to the jury accordingly. The eighth interrogatory and answer were also objected to by the defendants, for the reasons stated in the deposition; but the judge admitted them, and they were read to the jury. (These interrogatories and answers are stated in the opinion of the court.)

32 *

The jury found a verdict for the plaintiffs; and to the several foregoing rulings of the judge the defendants alleged exceptions.

*R. A. Chapman & H. Morris*, for the defendants.

*W. G. Bates*, for the plaintiffs.

WILDE, J.* The question on the case reported is, whether Lord, whose deposition was admitted in evidence, was a competent witness. The objection is, that he was interested in the event of the suit. By the facts reported, it appears that the defendants contracted with Josiah Baylies for the construction of a section of their rail road, and that he underlet the same to a company consisting of the said Lord and one Stocking and one Lard; and that the same was underlet by said Stocking to the said Lord and Lard. It also appears that the plaintiffs had released Stocking and Baylies from all liability to them on account of their claim in this action. This release operates as a bar to any action that the plaintiffs might bring either against Baylies, or against Stocking and Lord. The release to Baylies alone would be sufficient to bar an action for damages against Stocking and Lord; for he could not suffer any by the non-fulfilment of their contract; and the release to Stocking operates as a release of Lord also; their contract with Baylies being joint, and not joint and several. It is clear, therefore, that Lord would not be liable to the plaintiffs, if they had failed to recover in this suit. If, however, it were otherwise, Lord's interest would be the same; for he would be liable to Baylies, and Baylies would be liable to the defendants, if the plaintiffs recover against them. In such case, his interest would be equal; but, having been released by the plaintiffs, his interest is in favor of the defendants; and on either ground he was a competent witness.

Some objections were made to the answers to two interrogatories put by the plaintiffs, on the ground that they were leading. But there does not appear to be any ground for

* *Hubbard*, J. did not sit in this case.

either of the objections. The eighth interrogatory was, "did you, after the dismissal of your company as aforesaid, exercise the same care and superintendence over the work as before? State particularly what you did," &c. The answer was, that he had exercised no superintendence over the work after that time. So that, if the question was a leading one, the witness was not led thereby; and that is a sufficient answer to the objection. The 9th interrogatory was, "did you give to plaintiffs a note for $200? If so, explain by whom said note was paid, and how it was paid." The answer was, "on or about the 1st of April 1840, I gave a note of $200 to Gideon Stiles, payable at the Hampden Bank in sixty days, which note was given for powder delivered to our firm by the plaintiffs, previous to February 1840. The note was paid by Mr. Adams. He brought the note to me, and said the corporation would not accept it, and that I must give Mr. Stiles an order on him (Adams) for the $200. Mr. Adams took Mr. Stiles's order for $200, and gave me up the note." Now the existence of this note was proved *aliunde,* and the defendants had introduced evidence respecting it, and the purpose of reading the answer to this interrogatory was to explain the payment. The form of the question was wholly immaterial.

*Exceptions overruled*